## MESSALL v. EFRON.
### No. 899.

Municipal Court of Appeals for the District of Columbia.

Argued March 13, 1950.

Decided March 31, 1950.

Edward Gallagher, Washington, D. C., for appellant.

Shelby Fitze, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Victor R. Messall, described as a public relations counsel, was sued in the trial court for the return of a fee of $2500 which he had received from George A. Efron, an alien who was present in this country under a temporary displaced person's visa. The claim of plaintiff was that Messall had misrepresented that he was a lawyer, had misrepresented that he could and would counsel, advise, and represent plaintiff and his wife in "all matters pertaining to his and his wife remaining in, and their admittance to, the United States for permanent residence;" also that defendant had misrepresented that he could and would have the names of plaintiff and his wife included in a displaced persons bill then pending in Congress, and could and would get them admitted to this country for permanent residence. Plaintiff alleged that upon learning that the representations were false he dismissed defendant and demanded the return of the $2500.

Defendant filed an answer denying all charges of misrepresentation, alleging that he had undertaken only to exert his best efforts to obtain the legislative relief that "would achieve for plaintiff a permanent residence in the United States." He also alleged that plaintiff had paid him a retainer or "advance payment" of $2500 with the understanding that if successful results were obtained an additional sum would be payable.

Following these pleadings each party took the deposition of the other, and then plaintiff moved for summary judgment, supplemented by a memorandum of points and authorities. He based his contentions on the ground that defendant's admissions showed that no services were rendered during the period of his employment, and that, the relationship being analogous to that of attorney and client, plaintiff had the right to dismiss defendant at any time with or without cause. Defendant filed an opposition to plaintiff's motion in which was incorporated his argument on the facts and law, and after the motion was argued the trial court overruled the motion for summary judgment.

Plaintiff then moved for rehearing and the matter was again argued in open court. While the judge had the case under advisement, additional briefs were filed by both parties, defendant supporting his brief by an affidavit which went into further detail as to the arrangement between the parties, what was done by them, and also reciting that there had been a modification of the original contract, under which modification it was agreed that defendant was to keep the $2500, and plaintiff was to owe him nothing further.

The judge then took the case under advisement and later filed an opinion vacating his earlier order. He ruled that there was no genuine issue of fact in the case, that there did not appear to be any dispute as to the status of the defendant or any disagreement as to the character of the services to be performed for plaintiff, or that any actual services were rendered to plaintiff for which the sum of $2500 was paid, or as to which the rule of quantum meruit could be applicable. Accordingly, he ordered summary judgment for plaintiff, and from such judgment this appeal was taken.

Summary judgment procedure in the Municipal Court is governed by its Civil Rule 51 which authorizes such judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]

■■■■ Very recently the United States Court of Appeals for this Circuit gave full treatment to this subject and stated certain tests by which trial courts are to be guided in deciding motions for summary judgment. Dewey v. Clark, D.C.Cir., 180 F.2d 766. Directly applicable to the case at bar are these criteria there prescribed: "(1) Factual issues are not to be tried or resolved by summary judgment procedure; only the existence of a genuine and material factual issue is to be determined. Once it is determined that there is such an issue summary judgment may not be granted; (2) In making this determination doubts (of course the doubts are not fanciful) are to be resolved against the granting of summary judgment;[2] * * * (4) If conflict appears as to a material fact the summary procedure does not apply unless the evidence on one or the other hand is too incredible to be accepted by reasonable minds or is without legal probative force even if true; (5) To support summary judgment the situation must justify a directed verdict insofar as the facts are concerned."

■■■■ Applying these tests, we must hold that the trial court was in error in granting summary judgment in this case. Looking to the pleadings, the depositions of the parties, and the affidvait filed by defendant,[3] we think several controverted fact questions are presented. Without attempting to align the various recitals, charges and countercharges, we think the record as it stands poses the following questions: What was the agreement between the parties? Was plaintiff's assent to the agreement obtained by fraudulent representations? What services, if any, were performed by defendant under the agreement? Was the original agreement rescinded as plaintiff claimed, or was it merely modified? If modified, was there as defendant alleged a new agreement mutually arrived at under which defendant was to be permitted to retain the $2500, the parties to "tear up the contract," and defendant to forego his claim to additional compensation? If there was a rescission, how much work had defendant already performed and how much was such work reasonably worth?

All these questions related to basic and material issues in the case—factual issues, as to which the versions of plaintiff and defendant were at odds, though the conflict was sharper with reference to some than others. At the least they presented real "not fanciful" doubts as to what the facts really were. Hence neither we nor the trial court can properly say from a reading of the papers in the case that "it is quite clear what the truth is".[4] That will be determined when the case is tried on its merits.

Reversed.

---

1. Rule 56 (c) of the Federal Rules of Civil Procedure, as amended, 28 U.S.C.A., is to the same effect.

2. We omit the third test because it is not here applicable.

3. Appellee says that the affidavit was not filed timely, being presented only one day before the final decision, and he asks us to presume that it was disregarded by the trial court. We note, however, that there was never a motion to strike the affidavit, that it was a part of the record before the trial judge when he made his decision, that it was designated as and became part of the record on this appeal, and that it is referred to by the trial judge in his approved statement of proceedings and evidence.

4. Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 64 S.Ct. 724, 728, 88 L.Ed. 967.