564

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 26, 1951.

Decided March 16, 1951.

Leonard J. Furbee, Washington, D. C., for appellant.

Lillian H. Nichols, appellee, pro se.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff sued defendant for the value of fuel oil and oil burner service alleged to have been delivered and furnished to defendant and her husband. Defendant's answer alleged that the debt was incurred by the husband in his name and on his credit, that he had since died, and that she was not personally liable.

The statement of proceedings and evidence, approved by the trial court who heard the case without a jury, states that an employee of plaintiff testified that defendant and her husband purchased and received the oil and service, and that the sale and delivery were to both jointly. The witness identified as correct a written statement showing the dates and charges for the various items. The record then states: "The court ignored both the testimony of the witness and the written statement." It is further shown that a written statement "showing the signature of the defendant authorizing the work" was presented to the witness, "and the court objected to it." The record then states: "The court refused to recognize the testimony of the plaintiff's employee and stated that the witness would not know." After inquiring if there was a written contract and being told there was none, the court "then held for the defendant." The record then shows that defendant testified she did not contract at any time to purchase any oil or service.

 If the record states the proceedings chronologically, it would appear that defendant testified only after the court had announced its ruling in her favor. However that may be, it is definitely shown that the trial court "ignored" plaintiff's testimony and "refused to recognize" it. These may be unfortunate expressions not intended to mean what they say, but they bear the approval of the trial court and must be taken at face value. To ignore, in its usual sense, is to refuse to take notice of, or to disregard willfully. The trier of facts should never ignore admitted testimony. It is the duty of one who decides the facts to consider and weigh all the evidence. Evidence found to be incredible or unconvincing may be accorded no weight, but evidence cannot be weighed by ignoring it and refusing to recognize it. In view of the affirmative showing that plaintiff's

evidence was ignored, the judgment must be reversed.

Reversed with instructions to grant a new trial.