**Edmond C. FLETCHER, Appellant,**

v.

**NORFOLK NEWSPAPERS, Incorporated, a Corporation, Appellee.**

**No. 7278.**

United States Court of Appeals
Fourth Circuit.

Submitted Nov. 16, 1956.

Decided Dec. 17, 1956.

Edmond C. Fletcher, pro se.

Charles L. Kaufman, Norfolk, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment for defendant in an action of libel based on a report of the proceeding which was before this court on appeal in In re Fletcher, 4 Cir., 221 F.2d 477. The substance of the language complained of as libelous is that plaintiff had been disbarred. The answer, which was verified, pleaded truth and privilege and attached as exhibits copies of orders of disbarment. Motions were made by plaintiff to strike these exhibits and the allegations with regard thereto from the answer and for summary judgment. Motion was made by the defendant for summary judgment. We think it clear that the trial judge properly denied the motions of plaintiff and granted that of defendant.

From the copies of orders attached to the verified answer, as well as from the records of the court of which judicial notice was properly taken, it clearly appeared that plaintiff had been disbarred, that the language complained of was truthful and that there was no issue of fact for trial in the case. See Fletcher v. U. S., 4 Cir., 174 F.2d 373; In re Fletcher, 4 Cir., 221 F.2d 477. While the Rules of Civil Procedure do not require that an answer be verified, there is nothing in the rules which precludes the judge from considering a verified answer as an affidavit in the cause. Furthermore, the judge could properly take judicial notice of the records of his court showing the disbarment of plaintiff. Fletcher v. Young, 4 Cir., 222 F.2d 222, 223; Mann v. Peoples First Nat. Bank & Trust Co., 4 Cir., 209 F.2d 570, 572;

Ellis v. Cates, 4 Cir., 178 F.2d 791, 793; Fletcher v. Bryan, 4 Cir., 175 F.2d 716, 717.

Plaintiff complains that the judgment was not submitted to him for approval as to form before it was signed by the trial judge; but his complaint is not as to the form but as to the substance of the judgment and we see nothing either in the form or in the substance of which he can properly complain.

Affirmed.