260 F.2d 590
 UNITED STATES of America, for the Use of Heyman KOLTON and Charles Kolton, Partners T/A Kolton Electric Manufacturing Co.
v.
Joseph HALPERN and American Automobile Insurance Company, Appellants.
 No. 12607.
 United States Court of Appeals Third Circuit.
 Argued October 21, 1958.
 Decided November 5, 1958.
 
 Harry Kalman, New York City, for appellants.
 Alan B. Handler, Newark, N. J. (Charles Handler, Newark, N. J., on the brief), for appellee.
 Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.
 MARIS, Circuit Judge.
 
 
 1
 This is an appeal by the defendants, a general contractor with the Government and his surety, from a judgment rendered against them in the District Court for the District of New Jersey in an action brought on their bond given to the United States under the Miller Act, 40 U.S.C.A §§ 270a-270d, by two partners who furnished electrical supplies to Wallace Electric Co., a subcontractor of the general contractor defendant, for the unpaid balance of the purchase price of the supplies thus furnished to the subcontractor. The defendants in their answer merely denied having any knowledge or information sufficient to form a belief with respect to the crucial allegations of the complaint and made no factual defense whatever. In support of the plaintiffs' motion for summary judgment they filed the affidavit of one of them setting forth facts within his own personal knowledge which supported the allegations of the complaint. The defendants' opposing affidavit was made by their counsel and was stated to be on information obtained from the records of and conversations with the defendant general contractor. No facts in opposition to the plaintiffs' claim were stated but only speculations and conclusions.
 
 
 2
 On this record the district court rightly granted summary judgment, a procedure which is available in suits on a contractor's bond under the Miller Act as in other cases. Bruce Construction Corp. v. United States, 5 Cir., 1957, 242 F.2d 873. For Rule 56(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that affidavits opposing, as well as supporting, summary judgment shall be made on personal knowledge of facts which would be admissible in evidence. The opposing affidavit by the defendants' counsel was accordingly clearly incompetent to raise an issue of fact which would bar summary judgment. Automatic Radio Mfg. Co. v. Hazeltine, 1950, 339 U.S. 827, 831, 70 S.Ct. 894, 94 L.Ed. 1312; McClellan v. Montana-Dakota Utilities Co., D.C. Minn. 1952, 104 F.Supp. 46, 56, affirmed 8 Cir., 1953, 204 F.2d 166, certiorari denied 346 U.S. 825, 74 S.Ct. 43, 98 L. Ed. 350; Mercantile Bank of Dallas v. Franklin Life Ins. Co., 5 Cir., 1957, 248 F.2d 57, 59. Since the answer did not controvert the allegations of the complaint by denying them or by setting up countervailing facts and since the allegations of the complaint were categorically supported by facts stated specifically on personal knowledge in the plaintiffs' supporting affidavit and not rebutted, the record did not disclose a genuine issue as to any material fact. The plaintiffs were accordingly entitled to summary judgment in their favor and the expressed desire to the defendants' counsel for an opportunity to cross examine the plaintiffs' witnesses in the hope of turning up something in defense was not sufficient to prevent its entry, 6 Moore's Federal Practice, 2d Ed., § 56.15[4], p. 2142, at least in the absence of a showing, such as is contemplated by Rule 56(f), that all of the facts were necessarily within the exclusive knowledge of the plaintiffs and not accessible to the defendants. 6 Moore's Federal Practice, 2d Ed. § 56.24, pp. 2345-2348. It is obvious that such a showing could not be made in this case since the subcontractor whose alleged debt to the plaintiffs was the basis of the suit was not a party to it but must certainly have had knowledge as to the facts of the alleged indebtedness, and its knowledge was not within the exclusive control of the plaintiffs.
 
 
 3
 The judgment of the district court will be affirmed.