**UNITED STATES of America for the Use and Benefit of Harris F. NOBLES, Plaintiff,**

v.

**IVEY BROTHERS CONSTRUCTION COMPANY, Inc., a Georgia corporation; James Stewart and Co., Inc., a New York corporation; and United States Casualty Company, a New York corporation, Defendants.**

**Civ. A. No. 2108.**

United States District Court
D. Delaware.

Jan. 17, 1961.

Courtney H. Cummings, Jr., Killoran & Van Brunt, Wilmington, Del., for plaintiff.

Arthur J. Sullivan, Morris, James, Hitchens & Williams, Wilmington, Del., for defendants.

RODNEY, Senior District Judge.

This is a motion by the plaintiff for summary judgment against the United States Casualty Company, the surety on a building contract. The action is found-

384

ed on the Miller Act, 40 U.S.C.A. § 270a et seq.

The complaint sets out an employment of the plaintiff as a superintendent on the work at a salary of $200 per week and expenses, and is particularly based upon a writing attached to the complaint. This writing contains the following language:

"It is agreed that we will pay you an agreed salary and expense allowance for your services as job superintendent during construction of the above referenced project.

"It is further understood that Ivey Brothers Construction Co., Inc., will pay to you an amount of $15,000. as an added inducement for your services on this contract. This amount will be paid in full at the completion of this contract."

It is assumed that the services of a superintendent or working foreman on a work contract represents "a person supplying labor" within the meaning of the Miller Act.[1]

It is not suggested to me that, insofar as the application of the Miller Act is concerned, there is any distinction between the services represented by the weekly compensation and any services represented by the bonus or final payment of $15,000.

The answer of the defendant by paragraph 8 makes a general denial of all the essential allegations of the complaint, and by the third affirmative defense states:

"If any valid contract for additional compensation existed as alleged in the complaint, such contract was expressly rescinded subsequent thereto by agreement between Nobles [the plaintiff] and all parties in interest."

■ In my opinion, the complaint and answer created a direct and unequivocal issue of fact. Thereupon, the plaintiff filed an affidavit denying the averments of the third affirmative defense. In Frederick Hart & Co. v. Recordgraph

Corp., 169 F.2d 580, 581, the Court of Appeals for the Third Circuit said:

"It is well-settled that on motions to dismiss and for summary judgment, affidavits filed in their support may be considered for the purpose of ascertaining whether an issue of fact is presented, but they cannot be used as a basis for deciding the fact issue. An affidavit cannot be treated, for purposes of the motion to dismiss, as proof contradictory to well-pleaded facts in the complaint."

■ There is to me no apparent intent on the part of the Court of Appeals to draw a distinction between a motion to dismiss and a motion for summary judgment, or between allegations of the complaint or allegations of the answer insofar as affects the use of affidavits as proof contradictory to well-pleaded facts, and Hart v. Recordgraph is binding on me.

An issue of fact being well pleaded by the third affirmative defense, I am not aware of any rule or decision requiring the defendant to file any additional affidavits or to take any other step in the matter. I have, accordingly, paid little attention to affidavits filed.

Some reliance is placed by the plaintiff on U. S. for Use of Kolton v. Halpern, 3 Cir., 1958, 260 F.2d 590, 591. In that case the answer merely denied that the defendants had any knowledge or information sufficient to form a belief as to the crucial averments of the complaint. The Court there particularly drew attention to the fact that the "answer did not controvert the allegations of the complaint by denying them or by setting up countervailing facts", and the plaintiff having filed affidavits, summary judgment was granted. In the present case the allegations of the complaint were expressly denied and countervailing facts were expressly set out.

The motion for summary judgment must be denied, and an appropriate order may be submitted.

1. Bankers' Surety Co. of Cleveland, Ohio v. Maxwell, 4 Cir., 222 F. 797, 799.