Ashley A. ADERHOLDT, Appellant,

v.

James Edward LEWIS, Appellee.

No. 3118.

District of Columbia Court of Appeals.

Argued Nov. 26, 1962.

Decided Jan. 18, 1963.

Richard W. Barton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellant.

Philip Shinberg, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

The Property Clerk of the Metropolitan Police Department appeals from a summary judgment granted appellee in an action by the latter to obtain the return of certain cash allegedly detained without right.

Appellee had placed $2,232 cash in a locker in Union Station. In his absence the Metropolitan Police Department impounded the money and delivered it to its Property Clerk, appellant, who refused to surrender it to appellee upon demand. Appellee instituted suit to recover the money, and, after the answer of defendant, moved, under the trial court's Rule 56, for summary judgment. The court granted the motion and the sole question on appeal is the correctness of that ruling.

Rule 56 provides that "judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This rule is substantially identical to its counterpart in the Federal Rules of Civil Procedure which has been construed as authorizing summary judgment only "where the moving party is entitled to judgment as a matter of law, *where it is quite clear what the truth is,* when no genuine issue remains for trial, and it is not the purpose of the rule to deny to litigants a right of trial if they really have issues to try." [1]

Whether there is such factual issue must be determined upon the pleadings and other materials on file at the time of the hearing on the motion, and the movant has the burden of clearly establishing the nonexistence of any material issue of fact. His pleadings and other papers are closely scrutinized and all doubts are resolved against him; and where one party has exclusive or peculiar knowledge of the crucial facts, that party, rather than his opponent, should do the disclosing.

In reaching a determination as to whether at the time of the hearing there was no genuine issue of fact so as to justify the court in granting appellee's motion, we must assess, in the light of the above principles, the *pleadings* as they existed at that

1. National Screen Service Corp. v. Poster Exchange, Inc., 5th Cir., 305 F.2d 647, 651 (citing Sartor et al. v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Eccles v. Peoples Bank, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784).

time. On the one hand, appellee alleges by his sworn complaint "4. * * * that he is the lawful owner of said funds * * now in the custody and possession of [appellant]; that said funds were lawfully in the possession of [appellee] at the time the same were taken * * * and that said taking by the [appellant] was without right; that [appellee] is guilty of no violation of law of any kind with reference to said funds and has been charged with none; * * *." As opposed, appellant filed his unverified answer in which he avers " * * * that the matter contained in paragraph numbered four of the complaint are conclusions only, to which no answer is required. However, if answer be required, [appellant] denies the allegations contained in paragraph numbered four of the complaint * * * [alleges] the property in question may be the proceeds of a crime and * * * that there has been no satisfactory proof of ownership by [appellee] of the monies * * *" in question. There were before the court no affidavits, depositions or admissions by either party.

■■■ We do not find that the record justifies the action of the trial court.[2] Appellee's affirmation under oath of his claim of ownership is not a substitute for setting forth the facts on which he predicates his claim. The denial by appellant that the money belongs to appellee points up the issue between them. Rule 56 provides for eliminating trial only in a case where there is clearly no genuine triable issue of a material fact. Where there is the "slightest doubt" as to the facts, summary judgment is not in order.[3]

As the record raises substantial doubt as to the legal ownership of the money, summary judgment in favor of appellee was improperly granted. The case should be reversed and remanded to the trial court for further proceedings.

It is so ordered.

QUINN, Associate Judge (dissenting).

I believe that the motion for summary judgment was properly granted. Appellee filed a *verified* complaint alleging that funds owned by him and lawfully in his possession, which he deposited in a locker in Union Station, and for which he had a receipt, were removed without authority and turned over to the property clerk of the Metropolitan Police Department. He further alleged under oath that he was guilty of no violation of law of any kind with reference to said funds and had been charged with none. The District filed an *unverified* answer alleging "that the property in question *may be* the proceeds of crime." This was the state of the record when the court granted appellee's motion for summary judgment.

The majority opinion concludes that summary judgment is inappropriate at this time, that appellant's denial of appellee's affirmation under oath that he is the owner of the funds raises a substantial doubt as to the legal ownership. I voice this dissent in the belief that the majority has overlooked the primary purpose of a motion for summary judgment and the fact that in the absence of a verified answer, the verified complaint should be considered an affidavit in this case,[1] and have treated the motion for summary judgment as nothing more than a motion for judgment on the pleadings. My colleagues have considered the verification in the complaint a

2. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766; Doehler Metal Furniture Co. v. United States, 2d Cir., 149 F.2d 130; Blyther v. Pentagon Federal Credit Union, D.C.Mun.App., 182 A.2d 892; White v. Luber, D.C.Mun.App., 144 A.2d 774; Messall v. Efron, D.C.Mun.App., 72 A.2d 694; Schwartz v. Sandidge, D.C. Mun.App., 63 A.2d 869.

3. National Screen Service Corp. v. Poster Exchange, Inc., supra, note 1.

1. Fletcher v. Norfolk Newspapers, 239 F. 2d 169 (4 Cir. 1956); see generally 6 Moore's Federal Practice § 56.11 [3].

gratuitious act by appellee and the most transparent general denial, a matter of substance.

The primary purpose of the summary judgment procedure is to pierce allegations in the pleadings which may indicate the presence of an issue of fact in order to show that no genuine issue of material fact exists. 6 Moore's Federal Practice § 56.11 [3]. Trial by affidavit is not contemplated by Rule 56. The object "is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to burden of trial." Reed Research v. Schumer Company, 100 U.S. App.D.C. 179, 243 F.2d 602 (1957). Appellee has affirmed that he is the owner of the funds and entitled to legal possession, that he is guilty of no violation of law of any kind with reference to said funds and has not been charged with any violation. The District's answer is a general denial. It does not allege on information and belief that the funds are the proceeds of crime. Its unsworn answer merely states that the funds *may be* the proceeds of crime. No one has intervened seeking to establish a claim to the funds. Ordinarily, unsupported general allegations or denials cannot defeat a motion for summary judgment;[2] and although counter-affidavits are not required by Rule 56, the party resisting the motion cannot withhold his evidence until trial or seek the opportunity at trial to cross-examine the moving party's witnesses in the hope of turning up something in defense.[3] I think that it was incumbent upon the District to set forth in its answer some basis for its conclusion or at least to set forth in an affidavit under the provisions of Rule 56 (f) reasons why it was unable to present facts essential to justify its opposition.

As I view this case, the District, apparently having no proof of ownership in anyone other than appellee, now wishes to embark upon a fishing expedition. It has served appellee with interrogatories seeking the disclosure of the source of the funds, appellee's past employment and salary, his past residences, criminal record if any, and the location and character of his bank accounts. Further inquiry is made into appellee's tax returns filed with the federal, state or local governments for the years 1956 through 1961, and by motion appellee is asked to furnish both local and federal tax returns for the last six years. The District has seized funds deposited by appellee, and without charging him with the commission of any offense or even alleging that the funds are the proceeds of crime it has chartered a course clearly intended to trap him. I consider the District's position untenable. On the record before us I do not believe the trial court had any other alternative than to grant the motion for summary judgment. I would affirm.

2. Runkle v. Nong Kimny, 105 U.S.App. D.C. 285, 266 F.2d 689 (1959); Engl v. Aetna Life Ins. Co., 139 F.2d 469, 473 (2d Cir. 1943); "When a party presents evidence on which, taken by itself, it would be entitled to a directed verdict if believed, and which the opposite party does not discredit as dishonest, it rests upon that party at least to specify some opposing evidence which it can adduce and which will change the result." L. Hand, J., in Radio City Music Hall Corp. v. United States, 135 F.2d 715, 718 (2d Cir. 1943); see Piantadosi v. Loew's, Inc., 137 F.2d 534, 536 (9th Cir. 1943).

3. Proctor v. Sagamore Big Game Club, 265 F.2d 196, 201 (3d Cir. 1959); United States for Use of Kolton v. Halpern, 260 F.2d 590 (3d Cir. 1958); 6 Moore's Federal Practice § 56.15 [3].