Gail G. ANDERSON, Appellant,

v.

FORD MOTOR COMPANY, Appellee.

No. 95–CV–302.

District of Columbia Court of Appeals.

Argued May 8, 1996.
Decided Sept. 19, 1996.

James P. McElwaine, Jr., with whom Raymond M. Hertz, Greenbelt, MD, was on brief, for appellant.

John F. Anderson, for appellee.

Before SCHWELB and RUIZ, Associate Judges, and PRYOR, Senior Judge.

RUIZ, Associate Judge.

The appellant, Gail Anderson, appeals from the trial court's order granting sum-

mary judgment for the appellee, Ford Motor Company. Anderson alleges that the trial court erred by granting summary judgment when a material issue of fact was in dispute, specifically, whether or not a vehicle's air bag inflated. Because we find that a material issue of fact was in dispute, we reverse the grant of summary judgment and remand.

While on duty, Anderson, an officer of the Metropolitan Police Department, collided with oncoming traffic while driving a police vehicle manufactured by Ford Motor Company. In a three-count complaint, Anderson alleged breach of warranties, strict liability, and negligence by Ford for the failure of the vehicle's air bag to properly inflate.

█ In order to prevail on a motion for summary judgment, Ford, the moving party, must demonstrate that there is no genuine issue of material fact in dispute and that it is entitled to judgment as a matter of law. Super. Ct. Civ. R. 56(c); *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C.1994) (en banc). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Nader v. de Toledano,* 408 A.2d 31, 41 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). Once the moving party meets its burden, the non-moving party must show that it "has a plausible ground to maintain the particular cause of action." *Smith v. Washington Metro. Area Trans. Auth.,* 631 A.2d 387, 390 (D.C.1993); *Sherman v. District of Columbia,* 653 A.2d 866, 869 (D.C.1995).

█ This court's review of summary judgment orders is *de novo. Kuder v. United Nat'l Bank,* 497 A.2d 1105, 1106–07 (D.C. 1985). Like the trial court, we review the record in the light most favorable to the non-moving party. *Fry v. Diamond Constr., Inc.,* 659 A.2d 241, 245 (D.C.1995); *Colbert, supra,* 641 A.2d at 472. A grant of summary judgment must be reversed if this court independently determines that material factual issues are in dispute. *Alger Corp. v. Wesley,* 355 A.2d 794, 797 (D.C.1976).

■ We turn first to the motion for summary judgment and attached materials to determine whether a material issue of fact exists. Ford's attached materials in support of its motion for summary judgment include, among other things, the affidavit of a Ford expert, Mr. Valasin, a declaration from the police accident investigator, Mr. Fish, and accident scene photographs of the interior of the vehicle. After outlining the mechanics of the particular air bag system in the Ford Crown Victoria vehicle at issue, Mr. Valasin's affidavit estimated that an air bag inflates within 40 milliseconds after the sensors detect impact. An air bag's initial contact to full deployment takes approximately 60 milliseconds; by comparison, Mr. Valasin noted that it takes approximately 100 milliseconds to blink an eye, making it unlikely that a person would actually see the bag inflate. Mr. Valasin concluded that an air bag in the condition depicted in the police photographs was consistent with the condition which it should have been if it had deployed correctly. In addition, Mr. Valasin noted that the tear seams of the air bag had fully separated indicating that the air bag had generated sufficient force to fully inflate.

Accident investigator Mr. Fish noted in his declaration that the air bag "had fully deployed from the center portion of the steering wheel." The photographs of the vehicle after the accident depicted an uninflated air bag hanging from the center of the steering wheel. Based on Mr. Valasin's affidavit, Mr. Fish's declaration, and the accident scene photographs, Ford argues that it met its burden of showing that it was entitled to judgment as a matter of law. *Cf. Sherman, supra,* 653 A.2d at 871 (reversing a grant of summary judgment because the moving party did not meet its burden of proving that no reasonable juror could find against it).

■ Ford's evidence is only the first part of our inquiry, however, because in response to Ford's motion, Anderson submitted her own affidavit which stated that "the air bag of my scout car did not deploy properly as it did not inflate on impact." We must determine whether Anderson's affidavit demonstrated the existence of a genuine issue of material fact requiring denial of Ford's summary judgment motion. *See Smith, supra,* 631 A.2d at 390; *Sherman, supra,* 653 A.2d at 869. Ford contends that Anderson's lay allegation should be rejected because it is inherently incredible and unreliable in the face of Ford's expert's opinion. We do not agree with this characterization. The case *sub judice* is unlike the cases cited by Ford. *Rice v. United States,* 85 U.S.App. D.C. 404, 179 F.2d 26 (1949) (reversing a trial court's judgment because the physical facts revealed in photographs trumped contrary testimony by a witness); *Sinclair Ref. Co. v. Nichols,* 79 A.2d 564 (D.C.Mun.App.1951) (stating that evidence deemed incredible deserves no weight). Anderson's allegation is not contrary to the facts in the accident scene photographs, and indeed may be consistent with the way the air bag was depicted in the photographs. What Anderson's affidavit challenges is Ford's explanation of the events which, in the opinion of Ford's expert, should have preceded for the air bag to be in the condition shown in the photographs.[1] Anderson's affidavit is based on her personal observation and does not present such an inherently incredible rendition of the events that this court should reject it as a matter of law. *Cf. Jackson v. United States,* 122 U.S.App. D.C. 324, 329, 353 F.2d. 862, 867 (1965) (discrediting a witness's testimony in part because it was highly questionable in light of common experience and knowledge). Despite the existence of similar litigation nationwide, Ford has not presented any cases in which a court has concluded, based on scientific studies, that evidence of how an air bag should deploy is, in fact, how it did deploy.

---

1. The issue of fact in dispute is whether the air bag fully inflated on impact. Either it did or it did not. This question is about "what happened" and is unlike the technical question concerning the "appropriate standard of care to which retail merchants should be held in processing applications for credit cards" at issue in *Beard v. Goodyear Tire and Rubber Co.,* 587 A.2d 195, 200 (D.C.1991), relied upon by our dissenting colleague. We also note that, unlike *Beard, Id.* at 201, this case involves a claim for relief based on a theory of strict liability that would rest on the fact that the air bag did not fully inflate on impact, not whether it was designed to inflate on impact.

Whether or not the air bag inflated turns on the credibility of each party's witnesses. We cannot, nor can the trial court, "resolve issues of fact or weigh evidence at the summary judgment stage." *Nader, supra*, 408 A.2d at 50. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of [the] judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Fry, supra*, 659 A.2d at 245 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) (alteration in original)).

Finding a material issue of fact in dispute, whether or not the air bag fully inflated on impact, we hereby reverse the trial court's order granting summary judgment for Ford and remand the case for further proceedings.[2]

SCHWELB, Associate Judge, dissenting:

Substantially for the reasons stated by the trial judge in his written order of February 17, 1995, I believe that summary judgment was properly granted. Accordingly, I respectfully dissent.

Ms. Anderson asserted in her affidavit in opposition to Ford's motion that "the air bag of my scout car did not deploy properly as it did not inflate on impact." According to the majority, this statement, viewed in the light most favorable to Ms. Anderson, was sufficient to raise a genuine issue of material fact within the meaning of Super. Ct. Civ. R. 56(c). I disagree.

Ford's expert witness, Anthony Valasin, explained in his affidavit that

[t]he sensors are designed to detect impact and energize the circuit in just 20 milliseconds. The air bag is fully inflated 40 milliseconds after the sensors detect impact. From initial contact to full deployment takes only 60 milliseconds; as a point of comparison, it takes 100 milliseconds to blink an eye. This is so short a time interval that people often do not recall seeing the air bag inflate. In fact, given how fast the process occurs, inflation from the gas burning generant and deflation of the expended gas through the air bag's vent holes essentially take place simultaneously.

In other words, according to Valasin, the air bag inflates so rapidly that Ms. Anderson's failure to observe its inflation was not at all inconsistent with Ford's compelling evidence that the device operated normally.[3]

Ms. Anderson presented no expert evidence to counter that of Mr. Valasin. The speed at which an air bag inflates and the capacity of a human eye to observe are matters "beyond the ken" of the average lay juror. *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 200 (D.C.1991). To expect a lay trier of fact to pass on these subjects is akin to "leav[ing] it to a jury of tailors and haberdashers to pass judgment, unaided by expert testimony, on how to make a wet and rolling deck in a seaway a safe place to work." *Id.* (quoting *Zinnel v. United States Shipping Bd. E.F. Corp.*, 10 F.2d 47, 49 (2d Cir.1925) (dissenting opinion)). Ms. Anderson therefore could not, without expert testimony of her own, raise a genuine issue of material fact with respect to the portion of Valasin's affidavit which I have quoted above.[4]

---

**2.** Because we find a material issue of fact in dispute, we do not address the appellant's arguments regarding the trial court's reliance on an interested expert witness's affidavit and the alleged premature filing of the summary judgment motion.

**3.** As the trial judge explained,
[t]he condition in which [Officer Fish] saw and photographed the air bag was exactly the condition it should have been in if it had deployed correctly. Valasin Aff. No. 1., ¶¶ 5, 9, and 12, Aff. No. 2, ¶ 4. Stated otherwise, the fact that Fish observed the air bag hanging deflated

from the steering wheel "establishes that the tear seams molded into the trim cover of the air bag module had fully and uniformly separated, and that unit had generated sufficient force to have fully inflated the air bag." *Id.*

**4.** Although it is true, as my colleagues suggest, that the issue here is whether the air bag fully inflated on impact, *see* maj. op. at 653 n. 1, expert testimony is required on the question whether, in light of the evidence of record, there is any reasonable possibility that it did not so inflate.

It is, of course, well settled that genuine and material issues of fact are not to be tried or resolved by resort to a motion for summary judgment. *Vale v. Bonnett,* 89 U.S.App. D.C. 116, 118, 191 F.2d 334, 336 (1951); *Messall v. Efron,* 72 A.2d 694, 696 (D.C.1950). "Evidence ... that is too incredible to be accepted by reasonable minds, [however], does not raise an issue of credibility." 6 Moore's Federal Practice ¶ 56.15[4], at 56–295 (1995) (footnote omitted). Accordingly, summary judgment is properly granted where "the evidence on one or the other hand is too incredible to be accepted by reasonable minds or is without legal probative force even if true." *Vale, supra,* 191 F.2d 334, 89 U.S.App. D.C. at 118; *see also Messall, supra,* 72 A.2d at 696. The question, therefore, is not whether Ms. Anderson presented *any* evidence in opposition to the motion, but rather, whether she presented evidence sufficient to permit an impartial trier of fact to find rationally in her favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[U]nsupported evidence which is contrary to the physical facts and scientific principle has no probative value." *Zollman v. Symington Wayne Corp.,* 438 F.2d 28, 31 (7th Cir.), *cert. denied,* 404 U.S. 827, 92 S.Ct. 59, 30 L.Ed.2d 55 (1971). A party's testimony is not sufficiently credible to be accepted by a reasonable mind when it has been effectively refuted by reliable physical experiments or demonstrations. *Id.* at 31–32.

In the present case, Ms. Anderson asserted no fact which effectively contradicted Ford's expert and other evidence. The air bag could have inflated—indeed, in light of the expert evidence, it must have inflated—whether or not Ms. Anderson was able to observe the event. An impartial juror therefore could not rationally infer from Ms. Anderson's affidavit that the air bag did not function properly. Assuming Ms. Anderson's assertion as to what she saw and did not see to be true, the inference that she asks us to draw from it is nevertheless incredible in light of the entire summary judgment record.

The trial judge thus correctly concluded that

the affidavits stand uncontroverted except for the bald assertion in plaintiff's own affidavit that "the air bag of my scout car did not deploy properly as it did not inflate on impact." Plaintiff's Aff., ¶ 1. That assertion is not sufficient to create a genuine factual dispute on this record. Stated differently, on this evidence a reasonable juror could not find for the plaintiff on the issue of proper deployment of the air bag. Since that is the central issue in the case, defendant is entitled to judgment as a matter of law.

I agree entirely with the judge's analysis. Accordingly, I would affirm the judgment.