*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-CV-829

KEBREAB ZERE, APPELLANT,

v.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court of the
District of Columbia
(CAB-772-16)

(Hon. Brian F. Holeman, Trial Judge)

(Submitted September 21, 2018                    Decided June 6, 2019)

*Kebreab Zere*, appellant *pro se*.

*Karl A. Racine*, Attorney General for the District of Columbia, *Loren L. AliKhan*, Solicitor General, *Stacy L. Anderson*, Acting Deputy Solicitor General, and *James C. McKay, Jr.*, Senior Assistant Attorney General, were on the brief for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, EASTERLY, *Associate Judge*, and NEBEKER, *Senior Judge*.

BLACKBURNE-RIGSBY, *Chief Judge*:  *Pro se* appellant Kebreab Zere appeals

the trial court's July 7, 2017, order granting appellee District of Columbia's motion

for summary judgment and entering a declaratory judgment that the public has a

prescriptive easement to traverse an alley between O and N Streets, NW, for which

he is the property owner.[1]  Mr. Zere argues that the trial court erred in granting summary judgment in favor of the District, and that the establishment of a prescriptive easement constitutes a de facto unconstitutional taking of property without just compensation.  We affirm.

## I.

Mr. Zere purchased five of the six lots forming the alley between the row houses located in the 3200 block of O Street, NW and the 3200 block of N Street, NW from tax sales.  Mr. Zere acquired title to each of the lots in separate tax-sale foreclosure actions between 2006 and 2011.  Mr. Zere appears to be an experienced tax-lien purchaser.[2]  Subsequently, he attempted to erect a fence to block the alley, and combine the five lots into one.  However, the Historic

---

[1]  A prescriptive easement is an interest in land owned by another, consisting of the right to use or control the land for a specific limited purpose, that is established by a claimant's open, notorious, continuous, and adverse use for the statutory period of fifteen years. *Martin v. Bicknell*, 99 A.3d 705, 711-712 (D.C. 2014).  We clarified in *Martin* that, while the use of a prescriptive easement must be adverse, unlike an adverse possession claim, a plaintiff need not show the element of exclusivity to make out a claim of a prescriptive easement because "servitudes are generally not exclusive."  *Id*. at 711, 713-714 (quoting RESTATEMENT (THIRD) OF PROP.: SERVITUDES § 2.17 cmt. g (AM. LAW. INT. 2000)).

[2]  Between 2004 and 2016, Mr. Zere filed twenty tax-sale foreclosure actions.

Preservation Review Board denied Mr. Zere's proposed consolidation of the five lots.

In response to Mr. Zere's attempt to block the alley, the District of Columbia filed a complaint for declaratory judgment and injunctive relief against Mr. Zere to prevent his interference with the public's right to traverse the alley. The District subsequently filed a motion for summary judgment alleging that the lots owned by Mr. Zere were encumbered by a public prescriptive easement, and that Mr. Zere took title to the lots subject to that easement. The District argued that members of the public had traversed the alley for many years, that this use was open, notorious, adverse, and continuous for over fifteen years, from 1980 to 1995, and, thus, a public prescriptive easement had been established by 1995. The District further asserted that, although the alley was privately owned, the District had long recognized its public use, which was evidenced, in part, by the District of Columbia Department of Transportation's ("DDOT") maintenance of the street light in the alley and pavement of the alley in 2003. The District further alleged that the easement over the alley was perfected by 1995, before Mr. Zere acquired title, and that the District's request for declaratory judgment was not a new acquisition that would constitute a taking or require compensation.

As part of its motion for summary judgment, the District filed a statement of undisputed material facts, pursuant to Super. Ct. Civ. R. 12-I(k), which was supported by declarations from three individuals who lived in townhouses abutting the alley — John Queenan, Gerald Turner, and Mary Carter. Taken together, the three declarations asserted that, from 1980 to at least 1995, the residents used the alley daily without asking permission. The declarants also observed members of the public using the alley on a daily basis for a number of purposes without asking for permission. Moreover, the declarants assert that the public's usage of the alley is visible to anyone who lives adjacent to it, or who has passed by it in recent years.

Mr. Zere did not file a statement of disputed material facts pursuant to Rule 12-I(k) in response to the District's motion for summary judgment. As a result, the trial court was entitled to assume that the facts set forth in the District's statement of undisputed material facts were admitted without controversy. *See Jane W. v. President & Dirs. of Georgetown Coll.*, 863 A.2d 821, 826 (D.C. 2004). In his subsequent opposition to the summary judgment motion, Mr. Zere made the following arguments: (1) there were no records maintained by DDOT to support a public prescriptive easement, and DDOT only repaved the alley once in 2003; (2) the easement does not meet the adversity element of a prescriptive easement

because the trespassing is permissive; and (3) any prescriptive easement was extinguished by the tax-sale foreclosure. Mr. Zere further argued in his opposition that, under the Takings Clause of the Fifth Amendment, he should be compensated for the value of the lots.

The trial court granted summary judgment in favor of the District. The trial court held that there was no material disputed issue of fact that the public had traversed the alley openly, notoriously, continuously, and adversely in excess of the fifteen-year statutory period to establish a public easement by prescription. The trial court also held that pursuant to D.C. Code § 47-1382(a)(3) (2012 Repl.), the alley was conveyed to Mr. Zere subject to a public easement observable by an inspection of the property. The trial court explained that the alley was "clearly burdened" by the public's right to traverse it, and this right was easily observable to any tax-lien purchaser. This appeal followed.

## II.

### A. Summary Judgment

We review a trial court's order granting summary judgment *de novo*. *Newmyer v. Sidwell Friends*, 128 A.3d 1023, 1033 (D.C. 2015). Mr. Zere's first argument is legal in nature, in which he claims his tax-sale purchase of the lots extinguished all unrecorded easements. To the extent that Mr. Zere is raising a res judicata defense, we conclude it to be without merit. D.C. Code § 47-1382(a)(3) provides that tax-sale purchasers take a fee simple interest in property subject to "[e]asements of record and *any other easement* that may be observed by an inspection of the real property." (emphasis added). Therefore, the tax sale would not have extinguished any preexisting easement.[3] The question then becomes whether such an easement existed and, in particular, whether the trial court could make this determination on summary judgment.

---

[3] Mr. Zere also argues that the District should not have sold him the lots in a tax-sale if the entire alley was burdened with the easement and therefore had no value. Regardless of the validity of this claim, it does not affect the existence of the easement. Furthermore, Mr. Zere was required to first raise this argument in a counterclaim with the trial court, and he failed to do so.

In determining whether summary judgment was appropriate, we view the evidence in the light most favorable to the non-prevailing party and we draw all reasonable inferences in that party's favor. *Liu v. U.S. Bank Nat'l Ass'n*, 179 A.3d 871, 876 (D.C. 2018). Summary judgment is appropriate where there is no genuine issue of material fact and a party is entitled to a judgment as a matter of law. *Id.* (citation and internal quotation marks omitted). Once a party provides sufficient evidence to establish its entitlement to judgment as a matter of law, the burden shifts to the adverse party to set forth facts placing issues in dispute. *Newmyer*, 128 A.3d at 1033. The opposing party cannot rely solely on denials. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249 (1986) (non-moving party must provide "sufficient evidence supporting the claimed factual dispute" in order to defeat a motion for summary judgment) (internal citations omitted); *Newmyer*, 128 A.3d at 1033 ("mere 'conclusory allegations' are insufficient to defeat the [summary judgment] motion.") (internal citations omitted).

"An easement is an interest in land owned by another person, consisting in a specific limited right to use or control the land." *Martin*, 99 A.3d at 708 (internal alternations, brackets, and citation omitted). The elements to establish a prescriptive easement by the public are the same elements required to establish a private prescriptive easement, and the burden rests on the claimant to show by a

preponderance of the evidence that a prescriptive easement was established. *Hefazi v. Stiglitz*, 862 A.2d 901, 910 (D.C. 2004); *see also* 25 AM. JUR. 2D *Easements and Licenses* § 36 (2014).  To establish the existence of a prescriptive easement, a claimant must demonstrate that use of another's land was open, notorious and adverse for a period of at least fifteen years.  *Martin*, 99 A.3d at 711; *see also* D.C. Code § 12-301(1) (2012 Repl.) (statute of limitations for bringing a claim for the recovery of land is fifteen years).  The sole element that Mr. Zere takes issue with is whether the use was adverse.

Adverse use of land is use executed in a manner that does not recognize the right of the landowner to stop it.  *Chaconas v. Meyers*, 465 A.2d 379, 382 (D.C. 1983).  Adversity may be presumed from proof of open and continuous use for the statutory period absent contrary evidence.  *Id*.  Permissive use can defeat a claim of adversity, and can be granted explicitly or implicitly by the landowner through the interactions between the parties.  *See id*. at 382-383.  However, mere acquiescence is not permission.  *Martin*, 99 A.3d at 712.

The District's statement of facts supported each of the requisite elements of a prescriptive easement.  The declarations of three residents of townhouses abutting the alley—Queenan, Turner, and Carter—showed that the public's use

was open, notorious, and adverse for the fifteen-year statutory period. Mr. Queenan resided in a townhouse abutting the alley from 1980 until 2016, and stated that during those thirty-six years he used the alley daily and observed his neighbors and the public use the alley daily. Mr. Queenan stated that the alley had never been blocked, aside from a few rare occasions "when the United States government did so for security reasons." Mr. Queenan further stated that he never asked nor observed anyone else ask for permission to use the alley and that he did not believe that anyone had a right to stop him from using the alley.

Mr. Turner and Ms. Carter, who have been residing in townhouses abutting the alley since 1989 and 1996, respectively, corroborated Mr. Queenan's declaration. Mr. Turner and Ms. Carter both stated that since they began living in their townhouses they have used the alley daily and have observed members of the public use the alley in a multitude of fashions. Mr. Turner and Ms. Carter stated that they have never asked for permission to use the alley, nor have they observed anyone else asking for permission to use the alley, nor did they believe anyone had the right to stop them from using the alley. Mr. Zere did not file a statement of disputed material facts pursuant to Super. Ct. Civ. R. 12-I(k), and therefore, the trial court was entitled to consider the District's evidence as undisputed. *See Jane W.*, 863 A.2d at 826.

Mr. Zere contends that he raised material disputes of fact in his opposition to the District's motion for summary judgment. We disagree that Mr. Zere created any material disputes within his opposition. Mr. Zere contends that the declarants lacked credibility because he was not able to cross-examine the declarants. However, Mr. Zere's credibility challenge is misplaced because, at the summary judgement stage, the trial court does not assess credibility, and Mr. Zere is not entitled to cross-examine the affiants. *Anderson v. Ford Motor Co.*, 682 A.2d 651, 654 (D.C. 1996); *see Bortell v. Eli Lilly & Co.*, 406 F. Supp. 2d 1, 11 (D.D.C. 2005) (agreeing with the Seventh Circuit that Rule 56 governing summary judgment does not have a cross examination requirement); *see also Journal of Commerce, Inc. v. U.S. Dep't of Treasury*, 1987 WL 4922 at *3 (D.D.C. Jun. 1, 1987) (holding that there is "no automatic entitlement to cross-examination" at the summary judgement stage because that "would in essence deprive [] defendants of their right to move for summary judgment on the basis of appropriate affidavits.").[4]

---

[4] Mr. Zere also argues that the declarations were in violation of the Dead Man's Statute, D.C. Code § 14-302(a) (2012 Repl.), but this statute does not apply. The Dead Man's Statute is intended to protect a deceased party from being fraudulently held liable in a legal action where the only evidence of liability is the claimant's own assertion that the deceased was obligated to him in some fashion. *See Gray v. Gray*, 412 A.2d 1208, 1212 (D.C. 1980). This is not the case here.

Mr. Zere contends that the District did not establish adversity because there is a dispute as to whether the public's use of the alley was merely permissive. He claims that none of the declarants showed they ever made a claim of right on the lots, nor did they maintain the lots, or interfere with the use of the lots by the owner. However, other than denials, Mr. Zere presents no evidence to place this issue in dispute. *See Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 198-99 (D.C. 1991). Mr. Zere's argument thus fails to refute the District's prima facie showing of adverse, open, and continuous public use of the alley. *See Smith v. Tippett*, 569 A.2d 1186, 1190 (D.C. 1990) ("[P]ossession is adverse whenever there is open and continuous use of another's land for the statutory period, and this presumption is effective to establish title in the absence of evidence to the contrary.").

Mr. Zere also claims that there is not a public prescriptive easement because the testimony of a DDOT representative at a public hearing on a bill to condemn the lots demonstrates that the agency did not recognize, or maintain, the alley as a public alley. Mr. Zere asserts that this notion is supported by the absence of any public record of the easement, the introduction of a bill to condemn the lots and transfer ownership to the District, and the District's collection of taxes. Additionally, Mr. Zere argues that it was a contradiction for the Council to hold an

eminent domain hearing on the property at issue in 2015, when the District now claims a prescriptive easement was created in 1995. None of these assertions, however, defeat the creation of a public easement. The burden of establishing a prescriptive easement does not require public knowledge or acknowledgment, but only a demonstration of open, notorious, continuous and adverse use for the statutory period. *See Martin*, 99 A.3d at 711. "[A] use is open and notorious if *knowledge of it is had by those who are or may be affected by it* even though the use is not a matter of common knowledge in the community." RESTATEMENT (FIRST) OF PROP. § 458 cmt. h (AM. LAW INST. 1944) (emphasis added). The undisputed evidence shows that the property owners abutting the alley used the alley and did not ask permission. Therefore, summary judgment was properly granted in favor of the District on the issue of whether a prescriptive easement had been established.

**B. Takings Claim**

Mr. Zere alternatively argues that, assuming a public easement existed, the District should compensate him for the fair market value of the lots, under the Takings Clause of the Fifth Amendment. Mr. Zere did not raise this as a compulsory counterclaim in his answer to the complaint, *see* Super. Ct. Civ. R. 13

(a), but rather, first raised it in a motion to dismiss before the trial court. The trial court, in its order denying his motion to dismiss, alerted Mr. Zere that this argument was improperly presented in his motion.[5] Mr. Zere, nevertheless, did not raise this compulsory counterclaim. Therefore, he forfeited this claim.

## III.

Accordingly, the judgment on appeal is affirmed.

*So ordered.*

---

[5] In the order denying Mr. Zere's motion, the trial court explained that such a claim was not a valid ground for dismissal, nor was it properly presented in a motion to dismiss.