George SASLAW, Appellant,

v.

Philip ROSENFELD, Appellee.

No. 2268.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 27, 1958.

Decided Feb. 9, 1959.

Jack Politz, Washington, D. C., for appellant.

Saul M. Schwartzbach, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Suit was brought against appellant by one Keyser for the balance due on a promissory note. Appellant answered denying the indebtedness and brought appellee into the case as a third-party defendant alleging, that as his attorney, appellee had with-

out consent permitted Keyser to apply payments made on the note to an open account which appellant denied owing.

Appellee moved for summary judgment on the ground that the third-party action was barred by a release. Through affidavits and documents submitted in support of his motion, appellee established that prior to the present litigation, he filed a suit against appellant to recover for legal services rendered. An answer and counterclaim containing the same allegations as those in the present third-party action were prepared by an attorney for appellant and these were mailed to counsel for appellee together with a letter suggesting the possibility of settlement. The answer and counterclaim were never filed with the court as a settlement was ultimately effected between the parties. Pursuant to the settlement agreement, appellant executed a release discharging all " * * * causes of actions, sums of money, accounts, contracts, controversies, damages, claims and demands whatsoever in law or in equity * * * " which he had or might have as of the date of the release.

The court granted the motion for summary judgment and in this appeal the propriety of that order is challenged on the grounds: (1) that the release was limited to claims arising out of the suit for legal fees; and (2) that issues of fact are raised as to fraud and misrepresentation in the third-party action.

■ The construction of a release is governed by the intent of the parties as manifested in the language of the instrument. The release involved here employs general terms and follows the standard form. Its provisions permit no exceptions or limitations and no reference is made to the legal claim which motivated its execution. We think it is indisputable that, by this instrument, appellant relinquished all rights to sue on any claim which he might have had against appellee prior to the effective date of the release.

■ As a general rule, allegations of fraud normally raise genuine issues of material fact and preclude the granting of summary judgment. See White v. Luber, D.C.Mun.App., 144 A.2d 774. But summary judgment may be properly rendered on the basis of a release where the extrinsic materials offered in support of the motion clearly establish that at the time the release was executed the non-movant was in complete possession of the facts which he alleges constitute the fraud. See Nahtel Corporation v. West Virginia Pulp & Paper Co., 2 Cir., 141 F.2d 1.

■ Appellant does not assert that the release is voidable because it was induced or procured by fraud, although the same rule would apply in such a case. 6 Moore's Federal Practice, Para. 56.17[21] (2d. ed. 1953). The fraud complained of in the third-party complaint forms the substance of a separate and distinct claim. It is unmistakably clear that appellant was fully aware of the acts of fraud alleged in this complaint when he entered negotiations to settle the suit brought for legal fees. With the assistance and benefit of counsel, an answer and counterclaim to that suit were prepared with appellant's acknowledgment pleading identical allegations contained in the present third-party complaint. These were forwarded to appellee's counsel in the event the parties could not amicably settle their dispute. Following the negotiations for compromise, a Stipulation of Settlement was signed by appellant's attorney and the release was executed. Appellant is now estopped to allege fraud and consequently any factual issues as to such matter are not material. The order granting summary judgment is

Affirmed.