**Nicholas G. FARRINGTON, Appellant,**

v.

**BUREAU OF NATIONAL AFFAIRS, INC., et al., Appellees.**

Nos. 89–724 & 90–1033.

District of Columbia Court of Appeals.

Argued April 25, 1991.
Decided Sept. 13, 1991.

Nicholas G. Farrington, pro se.

Paul E. Mirengoff, with whom A. Neal Barkus, Washington, D.C., was on the brief, for appellees.

Before FARRELL and WAGNER, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Appellant sued his employer and his supervisors for defamation based on the limited publication of statements made by his supervisors in an unfavorable evaluation of his work as an editor.[1] The trial court

---

[1] The statements which appellant alleges were defamatory consisted of a characterization of the quality of his work as "unsatisfactory" along with the comments: "[Appellant's] work did not improve to the necessary level of accuracy. Rather, his work continued to reflect an inability to pick up less extensive but important changes and he also was not careful in crossing out for revision only the language affected. Since these essential skills were not mastered, he did not pass probation." An additional comment was made that: "[Appellant] did not pass probation because of inaccuracies in mark up

granted the appellees' motion for summary judgment on the basis that appellant's defamation claim was precluded by the defense of consent which rendered the publication that occurred privileged under the circumstances of this case. Appellant contends the trial court erred in granting the motion for summary judgment and in denying his motion for reconsideration of that ruling.[2] We affirm.

The trial court, citing *Kraft v. W. Alanson White Psychiatric Found.*, 498 A.2d 1145, 1150 (D.C.1985), concluded, based upon undisputed facts, that the publication which occurred was privileged. The trial court stated:

> First, [appellant] consented to an evaluation of his work. His supervisors were required by a collective bargaining agreement, to which plaintiff was a party, to prepare an evaluation. Second, the statements were all directly relevant to [appellant's] ability to perform in the probationary position. Third, the publication of the statements was limited to supervisory personnel and labor-relations personnel who were pursuing a related grievance for [appellant]. Each of these persons had a legitimate business interest in the subject matter of the statements.

Accordingly, the trial court granted the motion for summary judgment.

## I.

■ Our standard of review on an appeal from summary judgment is the same standard the trial court uses when considering the motion for summary judgment. *Young v. Sherwin–Williams Co.*, 569 A.2d 1173, 1175 (D.C.1990). The moving party prevails if the court concludes that there is no genuine issue of fact and that the moving party is entitled to a judgment as a matter of law. *Id.*

■ Consent is an absolute defense to a claim of defamation. A person who consents to the publication of comments about himself has no cause of action for defamation. *Kraft v. W. Alanson White Psychiatric Found., supra*, 498 A.2d at 1150. In this jurisdiction, the defense of consent has been incorporated into a three part analysis. The publication of a defamatory statement is privileged if: (1) there was either express or implied consent to the publication; (2) the statements were relevant to the purpose for which consent was given; and, (3) the publication of those statements was limited to those with a legitimate interest in their content. *Id.* Thus, in moving for summary judgment on the basis that the publication of the statements was privileged, the appellees had the burden to show that there was no dispute that appellant consented to the publication of the evaluation, that the statements contained within the evaluation were pertinent to his work performance, and that the distribution was limited to those with a legitimate interest in the evaluation.

■ The gravamen of appellant's argument concerns the first element—the effect of his consent. Appellant does not dispute that he consented to the publication. Rather, he contends that his consent to the publication of the evaluation does not preclude the court from assessing the accuracy of the evaluation. Appellant's argument fails to distinguish between the issue of whether the statements were true and the issue of whether he consented to the publication.

■ To conclude that appellant consented only to the publication of true statements about his work would render the defense of consent meaningless in this case. Truth is a complete defense to a claim of defamation without regard to whether the one defamed consented to the

that he was not able to overcome, thus making his work unreliable."

2. Appellant initially appealed from the grant of summary judgment. During the pendency of his appeal, appellant requested additional time in which to file his brief on the basis that the transcript of his deposition had not been filed in

the trial court. This court denied appellant's request without prejudice to appellant moving for reconsideration of the summary judgment order in the trial court on the same basis. Appellant's motion for reconsideration was denied and he appealed again. Both appeals were consolidated.

publication of those statements. *See Global Van Lines, Inc. v. Kleinow*, 411 A.2d 62, 64 (D.C.1980) (citing *Ford Motor Co. v. Holland*, 367 A.2d 1311, 1313 n. 1 (D.C.1977)). Because appellant effectively agreed to a written evaluation of his work by his supervisors, he consented to the publication of statements within the limitations prescribed by *Kraft v. W. Alanson White Psychiatric Found., supra, i.e.,* the statements must be relevant to the quality of his work, and the publication of those statements must be limited to those with a legitimate work related interest in those statements.

There is no dispute that the statements made by the appellees were relevant to appellant's work performance. Thus, the statements that appellant contends were defamatory were made to effectuate the purpose for which appellant gave his consent, an evaluation of his work performance. Accordingly, there is no genuine issue of fact concerning the second factor cited in *Kraft v. W. Alanson White Psychiatric Found., supra.*

■ Finally, there is no material issue of fact regarding the publication of the evaluation. Appellant acknowledges that only supervisory personnel and labor-relations personnel, who were pursuing a related grievance for appellant, saw the evaluation. Although he asserts that a clerical worker must have seen his evaluation when it was placed into his file, that publication (assuming it occurred) would hardly amount to excessive publication. Accordingly, there is no genuine issue of fact concerning the third factor cited in *Kraft v. W. Alanson White Psychiatric Found., supra.*

The appellees have met the three conditions necessary to claim the defense of privilege based upon consent as set forth in *Kraft v. W. Alanson White Psychiatric Found., supra.* Undisputed evidence supports the trial court's conclusion that appellees were entitled to judgment as a matter of law.

## II.

Appellant also contends the trial court erred in denying his motion for reconsideration, relief from summary judgment, and additional discovery. Although the trial court's original order was based upon undisputed facts, appellant argued that the trial court should have granted his motion for reconsideration because it did not have the complete record available when it granted summary judgment to the appellees. We note that when the trial court ruled on appellant's motion for reconsideration, it had before it the entire record. Appellant had an opportunity to show that the record did not support the trial court's ruling. However, he did not indicate any basis in the record for concluding the trial court erred, nor was any basis apparent upon review.[3]

*Affirmed.*

---

3. Appellant also contends that the trial court erred in failing to advise him as a *pro se* litigant that he should file affidavits, and therefore that it should have vacated its summary judgment order. Because appellant did not proffer any disputed material issue of fact that would have been raised in an affidavit, his argument is baseless. He also contends that he needed additional discovery to show, in effect, that his evaluation was inaccurate. Since the accuracy of his evaluation was irrelevant to the issue of consent, such additional discovery was unwarranted.